IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

**STEVEN MARKOS**,

    Plaintiff,

v.

**MID ATLANTIC RECEPTIVE SERVICES, L.L.C.**,

    Defendant

Case No. 5:23-cv-00050

## COMPLAINT

Plaintiff Steven Markos ("Plaintiff") sues defendant Mid Atlantic Receptive Services, L.L.C. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Georgia.

2. Defendant is a limited liability company organized and existing under the laws of the State of Virginia with its principal place of business located at 5407 Germain Street, P.O. Box 1390, Stephens City, VA 22655. Defendant's agent for service of process is Kathryn O. Scopetti, 5407 Germain Street, P.O. Box 1390, Stephens City, VA 22655.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with Virginia such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The language 'may be found' means any district which may assert personal jurisdiction over a defendant." Johnson v. Sky Media, LLC, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16-17 (D.S.C. Apr. 23, 2020). In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District. See Big Guy's Pinball, LLC v. Lipham, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015).

## FACTS

**I. Plaintiff's Business**

6. Plaintiff is a well-known and highly regarded photographer and writer who operates the National Park Planner website (https://npplan.com/), which is perhaps the most comprehensive private source of reviews/information on America's national parks based on Plaintiff's actual visits thereto.

7. Plaintiff has invested more than 20,000 hours of his own time and more than $30,000.00 of his own money traveling to and cataloguing America's national parks.

8. Plaintiff began working as a photographer in high school and has honed his craft since that time. His photographs have been displayed in the Atlanta High Museum of Art and his photography/video clients include (amongst many others) Walmart, Lonely Planet, Blue Cross Blue Shield of North Carolina, Florida International University, University of Wisconsin, JW Marriott, Berkshire Hathaway Home Services, Peachtree Software, US Bankcard, USA Volleyball, the National Society of High School Scholars, and Working Mother Magazine.

9. Plaintiff's National Park Planner website gets over 50,000 readers each month during the summer and approximately 25,000 readers each month in the winter

**II.     The Work at Issue in this Lawsuit**

10.    In 2019, Plaintiff created a professional photograph of Fort Frederica National Monument in St. Simons Island, GA titled "Fort-Frederica-060" (the "Work").  Consistent with Plaintiff's general practices, the Work contains (in the bottom right corner) Plaintiff's copyright management information as follows: "© 2019 STEVEN L. MARKOS."  A copy of the Work is exhibited below:



11.    The Work was registered by Plaintiff with the Register of Copyrights on June 26, 2019 and was assigned Registration No. VA 2-159-978.  A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III.    Defendant's Unlawful Activities**

13.    Defendant operates over 400 tours annually for both domestic and international

travel, including several tours within the State of Georgia.

14. Defendant advertises/markets its business primarily through its website (https://takeafuntrip.com/), social media (e.g. https://www.facebook.com/MidAtlanticReceptiveServices), and other forms of advertising

15. On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant published the Work on its website, webpage, and/or social media (at https://takeafuntrip.com/tour/island-hopping-from-palmetto-to-peach/) in connection with the marketing of Defendant's "Island Hopping – From Palmetto to Peach" tour (which includes a tour of Saint Simons Island):



16. In publishing the Work online, Defendant left Plaintiff's copyright management information intact, unequivocally showing the photograph on Defendant's website to be the same as the Work. A true and correct copy of screenshots of Defendant's website, webpage, and/or

social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendant on notice that the Work was not intended for public use.

18. Defendant utilized the Work for commercial use.

19. Upon information and belief, Defendant located a copy of the Work on the internet (with the copyright management information still intact) and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in February 2021. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

24. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

25. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

26. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

27. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright 2023 Mid Atlantic Receptive Services"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the

Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

28. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: August 7, 2023.

Steven Markos

By: /s/ Matthew W. Smith
Counsel

Matthew W. Smith
Va. State Bar No. 44558
*Attorney for the Plaintiff*
OTEY SMITH & QUARLES
485 McLaws Circle
Williamsburg, VA 23185
T 757.903.2665
F 757.561.2378
MSMITH@OSQLAW.COM